[No. 11919.     Department Two. — May 28, 1889.]

# MILTON WITHERS, RESPONDENT, *v.* DAVID JACKS, APPELLANT.

APPEAL — STAY OF EXECUTION — FORECLOSURE OF MORTGAGE. — When there is a contest in a foreclosure suit as to the priority of mortgage liens, and an appeal is taken by any of the mortgagees from the decision without a stay of execution, and title passes by sheriff's deed under the foreclosure sale, the mortgagors having made default, and not appealing from the judgment, a reversal of the judgment on the question of priority will not affect the title, and the sale under foreclosure is final.

QUIETING TITLE — MORTGAGE — ADVERSE CLAIM. — The owner of the legal title to land may maintain an action to quiet title against the claimant of an invalid mortgage lien. The plaintiff has a right to be quieted in his title when any adverse claim is made, the effect of which might be litigation, or loss or depreciation of the value of his property.

FINDINGS. — The findings are sufficient when they cover all the material issues in the case.

APPEAL from a judgment of the Superior Court of Monterey County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*S. O. Houghton*, and *S. F. Leib*, for Appellant.

There was no finding upon some of the issues, and the judgment should be reversed. (*Roeding* v. *Perrasso*, 62 Cal. 515.) Where a party to a foreclosure suit purchases at the sale under the judgment, and the judgment is subsequently reversed, the sale becomes void. (*Galpin* v. *Page*, 18 Wall. 373, 374; *Reynolds* v. *Harris*, 14 Cal. 680; 76 Am. Dec. 459; *McJilton* v. *Love*, 13 Ill. 486; 54 Am. Dec. 449; *Jackson* v. *Cadwell*, 1 Cow. 644; Freeman on Judgments, secs. 481, 483; *South Fork Canal Co.* v. *Gordon*, 2 Saw. 479; *Wambaugh* v. *Gates*, 8 N. Y. 144.) A mortgage is not such an adverse interest or estate in land as is the subject of an action to quiet title. It creates a mere lien. (Code Civ. Proc., sec. 744; *Jackson* v. *Lodge*, 36 Cal. 39; *Nagle* v. *Macy*, 9 Cal. 428; *Goodenow* v. *Ewer*, 16 Cal. 461; 76 Am. Dec. 540; *Fogarty* v. *Sawyer*, 17 Cal. 589; *Bludworth* v. *Lake*, 33 Cal. 264.) Before foreclosure a mortgagee has but a chattel interest. (*Johnson* v. *Sherman*, 15 Cal. 292; 76 Am. Dec. 481.) The mortgage is a mere incident of the debt. (*Willis* v. *Farley*, 24 Cal. 490; 38 Cal. 263; *Peters* v. *Jamestown B. Co.*, 5 Cal. 334; 63 Am. Dec. 134.) The sale must fall with the reversal of the judgment, as the successful mortgagee is entitled to bid in the property in satisfaction of his mortgage.

*N. A. Dorn*, and *W. M. R. Parker*, for Respondent.

The Littles, not having appealed, were not affected by the reversal of the judgment. (*Withers* v. *Little*, 56 Cal. 373; *Little* v. *Superior Court*, 73 Cal. 221; *Sentre* v. *De Bernal*, 38 Cal. 640; *Nichols* v. *Dunphy*, 58 Cal. 605; *McCreery*

v. *Everding*, 44 Cal. 284.)   To ascertain the effect of an appeal and judgment thereon, resort must be had to the record on such appeal. (*McKinlay* v. *Tuttle*, 42 Cal. 570.) Section 957 of the Code of Civil Procedure affords the only remedy upon reversal of an erroneous judgment where execution was not stayed.   There is now no mortgage to be foreclosed.   The title carried all the interest in the property. (Code Civ. Proc., sec. 700.)   Title may be quieted against a lien, mortgage, or other interest claimed in the property. (Code Civ. Proc., secs. 462, 738; *Head* v. *Fordyce*, 17 Cal. 149; *Horn* v. *Jones*, 28 Cal. 204; *Joyce* v. *McAvoy*, 31 Cal. 473; 89 Am. Dec. 172.)

McFARLAND, J.—This is an action to quiet title to certain lands in Monterey County, described as "lots 1 and 2" of a certain range.   The answer denies that plaintiff is the owner of the land, or that he has any estate or right or title to the same, or any part thereof; and avers that defendant has a mortgage upon said land executed by one Milton Little and his wife, Mary Little, bearing date July 21, 1874.   The court below gave judgment for plaintiff, and defendant appeals from the judgment and from an order denying a new trial.

Plaintiff holds title to the land by virtue of a sheriff's deed made upon the foreclosure of a mortgage by Milton Little and wife to James W. Withers, executed December 11, 1875, and recorded the next day, and also of another mortgage executed by said Little and wife to David Jacks (defendant herein), dated July 21, 1874, but not recorded until June 2, 1876.   The foreclosure suit was brought by said James W. Withers, and Jacks was made a party defendant therein.   The Littles made default, and consented that Jacks's mortgage might also be foreclosed. Both mortgages were foreclosed.   There was a contest between Withers and Jacks as to priority between the two mortgages.   The court decided that contest in favor of Withers.   Jacks appealed, but did not get or ask for

any stay of execution. The land was sold under the decree of foreclosure to James W. Withers, and in due time —no redemption being made—he received a sheriff's deed; and the title under said deed was conveyed to Milton Withers, the plaintiff in this present action. On Jacks's appeal the judgment was reversed on account of defective findings on the issue of priority between the two mortgages; but it must be taken to have been conclusively held in that case (*Withers* v. *Little*, 56 Cal. 219), and in the subsequent case of *Little* v. *Superior Court*, 74 Cal. 219, that the Littles were not affected by the appeal, and that the sale under the foreclosure was final. We think, therefore, that the court correctly found that the plaintiff is the owner in fee of the land. (Milton Little, the former owner of the land, died testate, and devised it to Mary Little, who conveyed to plaintiff herein; so that plaintiff also in that way represents the former owners.)

2. Appellant having denied that respondent had any title or right to the land, and put him to his proof, ought not to be heard to say now that a mortgage is not such an interest as will justify a decree quieting title. Moreover, we think that the claim set up by appellant would be a cloud on respondent's title, which he has a right to have quieted. "The plaintiff has a right to be quieted in his title whenever any claim is made to real estate . . . . the effect of which claim might be litigation, or a loss to him of his property." (*Head* v. *Fordyce*, 17 Cal. 149.) Section 738 of the Code of Civil Procedure is "intended to embrace every description of claim whereby the plaintiff might be deprived of his property, or its title clouded, or its value depreciated." (*Head* v. *Fordyce*, 17 Cal. 149.)

3. We think the findings cover all the material issues in the case.

Judgment and order affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.