[No. 14388.   Department One. — December 13, 1892.]

ROBERT CHRISTY, RESPONDENT, v. SPRING VALLEY WATER WORKS, APPELLANT.

97   21
136   570

PARTITION — INTERLOCUTORY AND FINAL DECREES — RES ADJUDICATA — TITLE NOT DISCLOSED. — The interlocutory decree in an action for partition establishes the relative rights of the parties thereto in the tract of land sought to be partitioned, and the final judgment therein, confirming the report of the referee in partition, is a conclusive determination upon all the parties as to whatever title or claims to the land they had at the time of the rendition of the judgment, and precludes them from subsequently asserting any right or claim to the land which they acquired prior to the rendition of the judgment, though such right or claim was not asserted or disclosed in the action.

ID. — CONCLUSIVENESS OF FINAL DECREE — TENANCY IN COMMON — UNITY OF POSSESSION — ADVERSE POSSESSION — SUSPENSION OF STATUTE OF LIMITATIONS. — The final judgment in partition is also a conclusive determination between the parties to the action that they were tenants in common of the land in controversy according to their respective rights, and that until the final partition there had existed between them a unity of possession of the land partitioned, and no adverse possession thereof by either co-tenant as against the other; and if, at the commencement of the action, one of the defendants therein was holding the land in adverse possession, but had not held it long enough to ripen into a title, the

bringing of the suit suspended the running of the statute of limitations, and prevented the acquisition of a title by prescription while the suit was pending, which would impair the judgment finally rendered in the partition suit.

ID. — DATE OF ADJUDICATION OF UNITY OF POSSESSION — ADVERSE POSSESSION AFTER INTERLOCUTORY DECREE. — The final judgment in partition operates as an adjudication as to the co-tenancy and unity of possession of the parties from its date, and not from the date of the interlocutory decree, and a party to the proceedings cannot avail himself of any adverse possession between the date of the interlocutory decree and the date of the final decree.

ID. — EJECTMENT — DEFENSE OF PRESCRIPTION — EXCLUSION OF EVIDENCE — APPEAL — ERROR WITHOUT PREJUDICE. — Where the full period of prescription has not run between the date of the final decree in partition and the commencement of an action of ejectment, by the successor in interest of one of the parties to the partition suit against another party thereto, who seeks in defense to show a title by prescription, a judgment for the plaintiff in ejectment will not be reversed for the exclusion of evidence tending to show adverse possession, as such evidence would not countervail the effect of the final judgment in partition, and could not tend to change the finding of the court in favor of the plaintiff.

ID. — EVIDENCE — ADVERSE POSSESSION UNDER WRITTEN INSTRUMENT — EFFECT OF INSTRUMENT. — The effect of section 322 of the Code of Civil Procedure, which provides that, when it appears that the occupant of land entered into possession of the property under claim of title, exclusive of other right, founding such claim upon a written instrument, as being a conveyance of the property in question, and that there has been a continued occupation and possession of the property included in the instrument, or of some part of the property, under such claim, for five years, the property so included is deemed to have been held adversely, is not to make the instrument any evidence of adverse possession, but to extend the adverse possession which may have been held of any portion of the land included in the instrument to the whole of such land, and it is still incumbent upon the party offering the deed to give competent evidence of an adverse possession of some part of the land included in the instrument.

ID. — PAYMENT OF TAXES — EXCLUSION OF TAX RECEIPTS — APPEAL — ERROR CURED BY OTHER TESTIMONY. — The error, if any, in the exclusion of tax receipts upon the question of adverse possession is cured by the testimony of a witness who testifies that he personally paid the taxes for the defendant.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court, and in the former decisions of the cause, referred to in the present opinion.

*Fox & Kellogg,* and *Kellogg & King,* for Appellant.

*I. N. Thorne,* and *Oliver P. Evans,* for Respondent.

HARRISON, J. — This cause has been before the court on two former occasions. (68 Cal. 73; 84 Cal. 541.) The action is ejectment, and the plaintiff's title is derived from one Randall, to whom the land in question was allotted in an action of partition, entitled *Randall* v. *Winter,* brought by him against his co-tenants in the late twelfth district court, and in which the appellant herein was one of the defendants.   The interlocutory decree in that action was rendered October 13, 1871, and the referee who was appointed under its provisions to make partition of the land involved in the action made his report to the court August 2, 1875, and a final decree affirming this report, and awarding the lands in controversy herein to Randall, was rendered December 23, 1875.   The plaintiff herein succeeded to the rights of Randall in the land so allotted to him August 23, 1880, and on the 5th of October, 1880, commenced the present action.   The defendant in its answer denied the title of the plaintiff, pleaded the statute of limitations, and also alleged ownership in itself.   Judgment was rendered in favor of the plaintiff, and from that, and also from an order denying its motion for a new trial, the defendant has appealed.

The interlocutory decree in the partition suit of *Randall* v. *Winter* established the relative rights of the parties thereto in the tract of land sought to be partitioned, and the final judgment therein confirming the report of the referee in partition was a conclusive determination that, as against all of the defendants in that action, Randall was the owner in fee of the tract of land described in the complaint herein.   If the defendant herein had any right or claim to this land, it was incumbent on it to assert such right or claim in that action, and a failure to do so would preclude it from subsequently asserting such claim.   As was said upon

the former appeal in this action (68 Cal. 73): "In one way or the other, it was bound to disclose its adverse claims to the land, so that the court might ascertain and determine them. If they were not disclosed, the judgment of the court established the title as it was found to exist in the tenants in common at the date of its rendition, and it was conclusive upon all the parties as to whatever title or claims to the land they had then in hand."

The judgment in that action was also a conclusive determination that the parties thereto were tenants in common of the land in controversy according to their respective rights, and that until that time there had existed between them a unity of possession of said land. If, prior to the commencement of that action, the defendant herein had acquired any title as against Randall by virtue of any adverse possession, it should have been set up by it in that action as a defense to his right to have it partitioned in that suit; but whether alleged or not, the judgment in partition confirming the land to Randall was conclusive that the defendant had not acquired any such title. If, at the commencement of that action, the defendant was holding the land in adverse possession, but had not held it long enough to ripen into a title, the bringing of the suit suspended the running of the time, and prevented the acquisition by it of a title by prescription. While the suit was pending, the running of the statute of limitations was suspended, and neither party to the action could acquire any rights in the land by virtue of an adverse holding thereof which would impair the judgment that was finally rendered.

As the plaintiff herein has succeeded to all the rights of Randall in the land in question, his right to the land must be held superior to that of the defendant, unless the defendant has in some mode acquired an interest therein subsequent to the rendition of that judgment. For this purpose, the defendant in its answer set up the statute of limitations, and in its cross-complaint alleged

that it had acquired a title to the land by prescription. The court found in favor of the plaintiff upon these issues, but it is now urged by the appellant that the refusal of the court to admit certain evidence offered by it for the purpose of sustaining these allegations was error. If, however, the evidence offered was incompetent or manifestly insufficient to establish its averments, the exclusion by the court of such evidence would not constitute a reversible error.

The evidence offered consisted of a conveyance of the land in question from certain parties who were defendants in the partition suit, executed to the defendant February 17, 1870; also a deed from George Turner, dated August 28, 1871; certain tax receipts, and a judgment of condemnation rendered in 1862 by the county court of San Francisco. The record does not show the date at which the action of *Randall* v. *Winter* was commenced, but it is shown that the answer therein of the present defendant was filed more than six months after the execution to it of the deed from the defendants in that action, so that whether this deed was executed prior to the commencement of that action, or subsequent thereto, it could not avail to impair the judgment rendered therein. If it was executed before the action was begun, the title conveyed thereby was adjudicated in that action, and the defendant could not acquire from its co-defendants, *pendente lite*, any title that would not be bound by the judgment. It was held upon the first appeal herein (68 Cal. 73), that by the judgment in the partition suit the defendant was estopped from claiming any title by virtue of the Turner deed; and it needs no argument to show that while that suit was pending, the execution to it of a deed could not aid the defendant in acquiring a prescriptive title, any more than would any other act of adverse possession; nor would the payment by the defendant of the taxes upon the land while it was held in co-tenancy with the plaintiff in that suit operate to strengthen its title, or give to it any new title.

The deeds offered in evidence would not of themselves

establish any adverse holding, and would be of avail to the defendant under its averments only upon its being shown by it that it entered into possession under them. Section 322 of the Code of Civil Procedure provides: "When it appears that the occupant . . . . entered into the possession of the property under claim of title, exclusive of other right, founding such claim upon a written instrument, as being a conveyance of the property in question, . . . . and that there has been a continued occupation and possession of the property included in such instrument, . . . . or of some part of the property, under such claim, for five years, the property so included is deemed to have been held adversely." The effect of this section is, not to make the instrument any evidence of adverse possession, but to extend the adverse possession which may have been held of any portion of the land included in the instrument to the whole of such land. It is still incumbent upon the party offering the deed to give competent evidence of an adverse possession of some part of the land included within the instrument, and when evidence of such adverse possession has been given, the whole of the land embraced within the instrument is deemed to have been held adversely. It was admitted by the defendant herein that it had been in possession of the land since 1863, and Eliott testified on its behalf: "The defendant is in possession thereof — that is to say, of the lands in dispute in this action — since July 1, 1862, continuously down to the present time, — all the time. That possession has been exclusive in defendant. No one else has been in possession during that period. The defendant has been in the actual occupation of all the property in dispute in this action, exclusive of any other persons, and claiming it adversely to all the world, since July 1, 1862, down to the present time."

The error, if any, in excluding the tax receipts was cured by the testimony of Eliott, who testified that the defendant had paid the taxes continuously, to his knowledge, since the year 1866 down to the present time, upon

the property in dispute in this action: "I know that, because I have paid them myself for the company."

The record of the judgment of condemnation is not set forth in the transcript, and we cannot say that the court committed any error in excluding it.

As before stated, the judgment roll in *Randall* v. *Winter*, which was before the court, was conclusive evidence that the defendant herein had not, prior to that time, held any adverse possession of the land thereby partitioned to Randall, and as the evidence offered on behalf of the appellant, and excluded by the court, was insufficient to countervail the effect of this judgment, its admission would not have tended to change the finding of the court, and consequently its exclusion will not authorize a reversal of its action.

The contention of the appellant, that the effect of the judgment in partition operates only from the date of the interlocutory decree, and that in support of its plea of a prescriptive title it can avail itself of any adverse possession subsequent to that date, cannot be maintained. The effect of the interlocutory decree was merely to determine the relative rights of the respective parties to the action in the entire tract of land, but did not accomplish any severance of the possession. It was still necessary that a partition of the entire tract, according to these respective rights, should be made, "and the share allotted to each party, with a particular description of each share," reported to the court (Code Civ. Proc., sec. 765), and that such report should be confirmed by the judgment of the court. And it is provided in section 766 of the Code of Civil Procedure that this judgment of confirmation "is binding and conclusive on all persons named as parties to the action, and their legal representatives, who have *at the time* any interest in the property divided, or any part thereof." Until the final judgment confirming the referee's report in partition was entered, it could not be known to which of the parties any particular parcel of the land would fall, and until such segregation had been made, there could be no

adverse holding of any portion of the land by either party to the action against any of the other parties thereto. The suit in partition was pending until the judgment of confirmation was rendered, in December, 1875, and between the parties to an action the statute of limitations never runs against or in favor of either while the action is pending.

The judgment and order are affirmed.

GAROUTTE, J., and PATERSON, J., concurred.