[No. 15805.    Department One.—June 14, 1895.]

## JOHN FLYNN, RESPONDENT, *v.* JOHN R. HITE, APPELLANT.

LANDLORD AND TENANT — LEASE — POSSESSION — DAMAGES—JUDGMENT IN EJECTMENT—RES ADJUDICATA.—In an action for damages by a lessee for failure of the lessor to put the lessee in possession of the leased premises, owing to the existence of a prior lease, a judgment in favor of the lessor in an action of ejectment brought against the prior lessee and the plaintiff in the damage suit, who entered under contract with the prior lessee for the purchase of his improvements, and who pleaded his right of possession in the ejectment suit, may be pleaded and proved as a conclusive adjudication against the plaintiff in the damage suit, and is a bar to recovery by the lessee therein.

ID.—ADJUDICATION AGAINST VALIDITY OF LEASE—FAILURE OF EVIDENCE. The validity of a lease which might be shown in evidence in support of a plea of right of possession in an action of ejectment is adjudged against by the recovery of the plaintiff in the ejectment suit; and the failure of the defendant to offer the lease in evidence in support of the plea cannot affect the conclusiveness of the judgment against his right to recover damages for not being permitted to occupy the premises recovered in the ejectment suit.

ID.—ESTOPPEL — ENTRY UNDER TENANT — RIGHT OF LESSEE. — Although one who enters under a tenant cannot deny .the title of the landlord without surrendering possession, yet if he enters under a valid lease he is not estopped from defending his possession under it, but the landlord is estopped in such case from denying the right of the lessee to possession under a lease expressly conferring such right.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.

The facts are stated in the opinion.

*F. J. Castelhun,* and *Lloyd & Wood,* for Appellant.

The judgment in ejectment was conclusive as to the right of possession. (*Woolverton* v. *Baker,* 98 Cal. 628; *Marshall* v. *Shafter,* 32 Cal. 176; *Caperton* v. *Schmidt,* 26 Cal. 479; 85 Am. Dec. 187; 2 Black on Judgments, sec. 731; *Satterlee* v. *Bliss,* 36 Cal. 514; *Thompson* v. *McKay,* 41 Cal. 227; Freeman on Judgments, secs. 253, 257, 258, 261; *Kelly* v. *Donlin,* 70 Ill. 378; *Hawley* v. *Simons,* 102 Ill. 115.)

*H. W. Hutton, C. R. Holladay,* and *William A. Stuart,* for Respondent.

The ejectment suit was decided upon the estoppel of Cunniff, and Flynn as entering under him. (*Standley* v. *Stephens,* 66 Cal. 541; *McKune* v. *Montgomery,* 9 Cal. 575; *Rose* v. *Davis,* 11 Cal. 133.) The lease to Flynn was not adjudicative as matter of fact, and the judgment does not conclude its validity. (*Earl* v. *Bull,* 15 Cal. 421; *Hobbs* v. *Duff,* 23 Cal. 597; *Gray* v. *Dougherty,* 25 Cal. 266; *Hough* v. *Waters,* 30 Cal. 309; *Altschul* v. *Doyle,* 55 Cal. 633; *Ferrea* v. *Chabot,* 63 Cal. 570; Code Civ. Proc., sec. 1911.)

HAYNES, C.—Flynn brought this action against Hite to recover damages, laid at seven thousand five hundred dollars, for defendant's failure to put him in possession of certain premises situate in the city and county of San Francisco, under an alleged lease made by one Coe, as the agent of defendant, on August 11, 1890, for the term of three years from September 1, 1890, at a monthly rental of forty dollars.

At the time this alleged lease was made one William Cunniff was, and for many years had been, in possession of the property described in the lease, as the tenant of defendant, paying therefor a monthly rent, and during his tenancy had make certain improvements thereon.

Hite, the defendant in this action, afterward commenced proceedings against Cunniff to obtain restitution of said premises, and in November, 1890, it was

adjudged in that action that said Cunniff was rightly in possession as tenant of Hite, and that his term would not expire until May 1, 1891. Flynn, the plaintiff in this action, just before the expiration of Cunniff's term, purchased the improvements from Cunniff, and the latter surrendered possession to Flynn on May 1, 1891, but arranged with Flynn that he should occupy certain rooms upon the premises for a month without rent.

On May 23, 1891, Hite commenced an action of ejectment against Cunniff and Flynn to recover possession of the same premises, and in that action findings and judgment were made and entered in favor of Hite on December 10, 1891, and under that judgment Cunniff and Flynn were ejected from the premises.

The present action was commenced in February, 1892, was tried by a jury, and resulted in a verdict for the plaintiff for seven thousand five hundred dollars damages. A motion for a new trial was made, and by the court denied upon condition that plaintiff would remit all in excess of three thousand nine hundred and sixty dollars and costs; and that being done the judgment was modified accordingly. This appeal is from the judgment and the order denying a new trial.

Defendant's answer, among other things, alleged that Coe had no authority to make the lease, and also pleaded the judgment in the ejectment suit against Flynn and Cunniff in bar of the action.

The first of these defenses need not be considered, as the judgment must be reversed upon another ground.

The defendant, in support of his said plea in bar, offered in evidence the judgment-roll in the said ejectment suit, and plaintiff's objection thereto, that it was immaterial and irrelevant, was sustained by the court, to which ruling defendant duly excepted, and specified the same as error.

Respondent contends that the ejectment case was decided upon estoppel; that the lease was not and could not have been pleaded by Flynn, but that the case was decided upon Cunniff's title or right of possession,

and that therefore Flynn is not bound by the judgment except so far as his possession was based upon Cunniff's title; that, as Cunniff was estopped from denying his landlord's right to recover possession, so was Flynn; and that Flynn could not plead his lease until he had surrendered possession.

The pleadings and findings in that case, however, show that the learned counsel are mistaken. Flynn, in his answer, denied that he wrongfully or unlawfully withheld the possession, etc., and for a further answer alleged: " That at the time of the commencement of this action, and prior thereto, and now, he was and is possessed, and was and is entitled to the possession of the premises in said amended complaint described."

Cunniff answered separately, and alleged that, by the findings and judgment of the court in the action against him as a tenant, rendered in November, 1890, he was entitled to the possession until May 1, 1891; that on the day last mentioned he surrendered the possession to Flynn, " pursuant to the directions of the plaintiff herein and under a certain indenture of lease dated August 11, 1890, made, executed, and delivered, as defendant is informed and believes, by plaintiff to said Flynn, of and for said premises, for the period of three years from the date aforesaid," and that ever since May 1, 1891, he has had no control of or interest in said premises whatsoever, but that said John Flynn has been and still is in possession thereof."

The court found, among other things not necessary to be noticed, as follows: " That on the thirtieth day of April, 1891, said Cunniff, in consideration of the purchase by the defendant, John Flynn, of the improvements upon the said premises of and from said Cunniff, and of being allowed to remain in possession of the house upon said premises rent free for one month by the said Flynn, delivered the possession of the said premises to the said Flynn. That said Cunniff did not surrender the possession of said premises to the defendant, Flynn, on the first day of May, 1891, or at any

other time, at the request of the plaintiff, or under an indenture of lease made and executed by the plaintiff to said Flynn."

If Flynn held a valid lease from Hite at the time the ejectment suit was brought there could be no question as to his right of possession under it. The term specified in the lease had not expired. He had pleaded a right of possession in himself, and though he did not mention the lease he could have put it in evidence under his plea, and if the lease was valid must have succeeded in the action. It is therefore immaterial, for the purposes of the present case, whether he offered the lease in evidence or not, or whether, as a matter of fact, he relied upon it to establish his right of possession, since he put his title in issue, and had the opportunity of doing so. But were it otherwise, it is not only clear from the judgment-roll offered in evidence that the lease was in issue in the ejectment suit, but the record in this case clearly shows that it was in issue, and was relied upon in that case, and that he did not claim to have acquired any right of possession from Cunniff. All that he pretends ever to have bought from Cunniff was certain improvements placed upon the property by Cunniff, and that he bought them for the purpose of getting possession under the lease here in question. In his testimony in chief in this case he testified: "They told me that the best way to get possession from Cunniff was to go and buy him out. *He would n't sell until his term was up.*" (Fol. 69.) Upon cross-examination he was examined as to his testimony upon the former trial, and admitted that upon the trial of the ejectment case he testified that he bought Cunniff's building on the first day of May, 1891; that since that time he had been in possession of the property "under this lease." (Fols. 112, 113.)

The judgment-roll above mentioned was excluded, when first offered, upon the ground that said judgment had not been pleaded. Whether the court erred in then excluding it it is not necessary to consider; but

before it was again offered the answer had been amended in that regard, and the evidence above mentioned as having been given upon the trial of the ejectment suit had been heard.

Counsel for respondent assume that the ejectment case went off upon the point that Flynn entered under Cunniff, and, as Cunniff had no title or right to the possession after the expiration of his term, he could confer no right of possession upon Flynn; that, claiming under Cunniff, Flynn was estopped to deny Hite's title and right of possession, and cite Standley v. Stephens, 66 Cal. 541, and other like cases, in support of their contention.

These cases have no application here. It is quite true that, if Flynn entered under Cunniff, knowing that Cunniff was a tenant, he could not thereby acquire a right of possession adverse to the landlord, or dispute his title, without first surrendering possession; but Cunniff's term having expired, if Flynn had a valid lease from Hite his possession under the lease could not be adverse, nor could it be necessary that he should surrender a possession held under it in order that he might be put back under the same lease. Being in possession under a valid lease he was not estopped from defending his possession under it, for the sufficient reason that, if the lease was valid, Hite was estopped from denying his right to possession under a lease expressly conferring such right. If it be conceded that Flynn did not offer his alleged lease in evidence, that fact would not affect the conclusiveness of the judgment, as under the issues in that case its validity might properly have been determined. (Gray v. Dougherty, 25 Cal. 266, 272; Freeman on Judgments, 4th ed., secs. 249, 260.)

The judgment in that case being conclusive, it is not perceived how the plaintiff is entitled to damages for not being permitted to occupy premises which it had been solemnly adjudged he had no lawful right to occupy.

Many other errors are specified by appellant, but as plaintiff's right of action could not exist unless he had

a right of possession under the lease, and that right having been adjudicated in the former action, it is immaterial whether the court erred in other particulars or not. For the error in excluding said judgment-roll, when offered in evidence the second time, the judgment and order appealed from should be reversed.

BELCHER, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.

HARRISON, J., GAROUTTE, J., and VAN FLEET, J.

Hearing in Bank denied.