[Civ. No. 245. Third Appellate District.—February 6, 1907.]

## ALONZO R. SIMMONS, Respondent, v. WILLIAM B. ROWE et al., Executors, etc., Respondents, and PHILIP SIMMONS, Appellant.

PARTITION—INTERLOCUTORY DECREE—ADJUSTMENT OF TITLE—SUPPORT OF FINDINGS.—Upon appeal from an interlocutory decree in partition, establishing title in the plaintiff, and under the will of a deceased testator, to the exclusion of the appellant, *held*, that the findings against the appellant are supported by the evidence.

ID.—PARTNERSHIP LAND—SALE BY RETIRING PARTNER—DECREE AGAINST FORECLOSURE OF MORTGAGE—PAYMENT—RES ADJUDICATA.—Where plaintiff, the testator and the appellant were members of a partnership to which the land had belonged, and appellant had retired from the firm, selling all his interest therein, and taking a mortgage on the land for $15,000, a former judgment against him upon foreclosure thereof, adjudging that he had agreed to foreclose only for the amount actually due, which had been fully paid before suit, and that nothing was due, was *res adjudicata* against appellant in the partition suit that he had no interest in the property.

ID.—WAIVER OF FINDINGS—CONCLUSIVENESS OF JUDGMENT.—The fact that the findings in the foreclosure suit were waived cannot affect the potency of the judgment, which is conclusive as to all matters

embraced within the issues and that might have been litigated in the case.

ID.—ESTOPPEL BY MORTGAGE.—One who takes a mortgage upon the whole of real estate is estopped thereby to deny that the mortgagors were vested with the complete title to the property mortgaged.

ID.—CONVEYANCE BY INDEBTED PARTNER—PENDENCY OF PROCEEDINGS FOR DISSOLUTION—NOTICE.—A conveyance to the appellant by a heavily indebted partner, made with notice of the pendency of proceedings for the dissolution of the partnership, in which it was adjudged that the real property belonged to the plaintiff and to the testator, and that the only other partnership property was the indebtedness of such other partner to the partnership in the sum of $49,000, passed no title in the land to the appellant.

ID.—APPELLANT NOT PROTECTED AS A FIRM CREDITOR.—Where it had been before adjudged in the foreclosure suit that appellant was not a creditor of the firm, he cannot claim protection as a creditor in taking title to the land from a member of the firm notwithstanding the actual indebtedness of such member thereto, and that the conveyance can only be assailed for fraud.

ID.—POWER OF PARTNER—TRANSFER OF INDIVIDUAL INTEREST.—A partner cannot transfer an individual interest in any specific article belonging to the firm. A transfer of the partner's interest, either voluntarily or by legal process, merely entitles the transferee to receive such partner's share of what may remain after a settlement of the partnership affairs and the payment of the partnership debts.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. F. H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

Charles W. Slack, for Appellant.

Edward C. Harrison, for Plaintiff, Respondent.

Carter P. Pomeroy, for Executors, Respondents.

BURNETT, J.—For a proper understanding of the controverted questions involved in the case it is deemed advisable to make a somewhat extended statement of the pleadings and proceedings presented by the record. In doing so no substantial departure is made from the admirable recital contained in the brief of the learned counsel for appellant.

The action was brought for the partition between plaintiff and the Rowe estate of certain real estate in San Francisco and also to have it decreed that appellant "has no equitable title to any interest or share in or of said real estate or any portion thereof," and to require him "to make, execute and deliver any conveyance that may be necessary to properly perfect the title thereto of said plaintiff and said estate of Wm. B. Rowe, Deceased."

The lower court found in favor of plaintiff and the Rowe estate and made its interlocutory decree accordingly. From this, and from the order denying his motion for new trial, Philip Simmons, who was adjudged to have no interest in the property, has appealed.

The complaint, in appropriate phraseology, alleges that on and prior to February 20, 1868, the plaintiff, Alonzo R. Simmons, and William B. Rowe and Joseph Simmons and the defendant, Philip Simmons, were partners engaged in business in the city and county of San Francisco, under the firm name of Simmons, Rowe & Co., and that on said date they purchased for use in their partnership business, with partnership funds, the property in question. This allegation is not denied. The deed, executed by Albert Jacobs, and dated February 20, 1868, and granting the property to "Joseph S. Simmons, Wm. B. Rowe, Alonzo R. Simmons and Philip Simmons, partners in trade and doing business under the firm name of Simmons, Rowe & Co." was received in evidence.

The complaint further alleges that the partnership continued until May 20, 1872, when the defendant Philip Simmons retired therefrom and sold and transferred to the other members of the firm all his interest and share in and of the partnership property, including the property in controversy, and the partnership was thereafter continued by the other three until January 9, 1892, when it was dissolved by the death of Joseph S. Simmons.

Appellant denies in his answer the sale and transfer by him. The court found it as alleged in the complaint.

The complaint further alleges the death of Wm. B. Rowe, December 29, 1895, leaving a last will, its admission to probate, the appointment of executors and the disposition of his estate by will to certain of the defendants. There is no denial of these allegations.

It also appears from the complaint that on May 18, 1877, Wm. B. Rowe began an action against plaintiff and Joseph S. Simmons for a dissolution of the partnership and settlement of its affairs, and that on October 17, 1899, by judgment rendered, the property in controversy was allotted to plaintiff herein and to the estate of the said Wm. B. Rowe. There is no denial of these allegations. The judgment-roll in the action referred to was introduced in evidence. It appears therefrom that appellant, Philip Simmons, was not originally a party, but he was made so by an amended and supplemental complaint filed August 25, 1895, in which it was alleged that he had in his possession and under his control large assets of the firm for which he refused to account. He answered, denying that he had any assets of the firm, setting up the dissolution of the firm by his retirement in May, 1872, and pleading laches and the statute of limitations. The court found that he had retired from the firm as alleged and that the cause of action as to him was barred by laches and the statute of limitations. Judgment was entered accordingly May 19, 1894. As to the other parties to that action, on October 17, 1899, the court found that Philip Simmons, as a partner, owned a one-fourth interest in the property from about January 1, 1863, until May 20, 1872, which interest he then resold and restored to his three copartners; that Joseph S. Simmons was indebted to the firm in the sum of $49,000, and that the only property of the firm consisted of this indebtedness and the real property here in controversy. The decree followed, awarding the said real property, as hereinbefore set out, in equal undivided shares to Alonzo R. Simmons and the estate of William B. Rowe, who had died during the pendency of the action.

The complaint in the present action proceeds that plaintiff is an owner of an undivided half of the property and that certain defendants, as residuary devisees under the will of William B. Rowe, are the owners of the other half, subject to the right of possession in the executors for purposes of administration. This is denied by defendant. The court's finding was in favor of plaintiff.

It is further alleged that the defendant claims an interest in the property by virtue of a deed to him from Joseph S. Simmons, which deed was executed after the commencement of the said action for dissolution of the partnership, and while

Joseph S. Simmons was indebted as aforesaid to the firm in the sum of $49,000, a sum largely in excess of the value of the property, and was taken by said Philip Simmons with full knowledge of the pendency of said action and of said indebtedness. Furthermore, that said Philip Simmons claims some interest in said property by virtue of the fact that on May 20, 1872, no formal conveyance of it was delivered by him to his partners; but that a full settlement was then had in which he received full credit for the value of his interest, and it was then understood and agreed that the said property should continue to form a part of the assets of the partnership, after his retirement therefrom, and that he should have no further interest therein other than the mortgage thereon, which was at the time given him, and that he has no equitable interest in the said property. The answer of Philip Simmons denies these allegations except as to his claim of ownership and alleges that he became the owner of an undivided one-fourth interest in the property by virtue of the said deed from Albert Jacobs, February 20, 1868, and of another undivided one-fourth by said deed from Joseph Simmons. The court found in favor of plaintiff's claim.

The executors and the trustees under the will of William B. Rowe filed an answer admitting the allegations of the complaint to be true, and they also filed a cross-complaint containing similar allegations to the complaint, which were similarly answered by Philip Simmons.

Respondent, in his brief, explains the theory of his complaint based upon certain fundamental and somewhat elementary principles of partnership, and he cites numerous authorities to sustain his theory, but we may pass by this part of the discussion, as appellant does not question the sufficiency of the complaint. Appellant, however, attempts to overthrow the judgment by attacking two of the findings. It must be assumed that he has abandoned every other point of attack.

1. He claims that the evidence is insufficient to support the finding to the effect that it was, on May 20, 1872, understood upon the settlement and accounting then had between the parties, and as a part thereof, that the real estate should continue to be a part of the assets of the partnership; and that Philip Simmons should have no further interest therein, other than the mortgage thereon which was given him pursuant to said settlement, and that it was then agreed and

understood that the settlement was effective to vest in the remaining partners the whole title to said real estate. Whether there is any substantial evidence to support this finding can be answered only in the affirmative.

As pointed out by the able counsel for respondent, Philip Simmons himself testified: "I was a member of the firm when the property here in controversy was bought from Mr. Jacobs. It was with partnership money and for a place of business for the partnership. The building was constructed with partnership money. My connection with the partnership was terminated in May, 1872. The other partners agreed to give me $15,000 for my interest and the papers were drawn up. No accounts were drawn off the books at that time that I know of. I then surrendered my position in the firm and went east. I retired from the firm as a partner and thereafter did not pay any of the firm bills nor collect any of the firm accounts nor take any part in the management of the firm business. I sold my interest in the firm. At the time I retired from the firm and went east I signed a deed to the property and acknowledged it. I don't know where the deed is now, but it was never delivered. They were to have the deed, but I never delivered it to them."

Alonzo R. Simmons testified: "I heard Philip Simmons say that Joseph had agreed to give him $15,000 for his interest and that the papers were all made out, the deeds and mortgages or whatever it was—mortgages and so forth. Joseph said in the presence of Philip that if I would sign those papers, if there was anything wrong with them they would make it right." Also, the deed of Albert Jacobs, received in evidence, conveyed the property to "Simmons, Rowe & Co.," and the mortgage, also, to Philip Simmons of May 22, 1872, covered the whole of said property. The chattel mortgage, likewise, of the same date transferred all the goods and chattels of the firm. Besides, in support of this finding there is found in the record the judgment-roll in the action for the foreclosure of said real estate mortgage in the fifteenth district court. In the answer and cross-complaint in that action it is alleged that on account of illness, Philip Simmons desired to sell to the other partners his interest in the partnership; that it was distinctly understood and agreed by the parties that in case the estimated value of $15,000 should prove to be erroneous or excessive for Philip's interest, the note and mort-

gage therefor would be held good only for the amount actually due him. The answer of Philip to said cross-complaint contained no denial of his desire to sell, and that the note and mortgage were given in payment of his interest, but he avers that his interest was of the full value of $15,000. The judgment was in favor of the other parties and against Philip Simmons, and decreed that he recover nothing in his action of foreclosure. This was an adjudication that he had fraudulently over-valued his interest; that he had agreed to enforce the mortgage only for the amount actually due him, and that at the time of the bringing of the action he had received all that he was entitled to for the sale of his interest in the partnership property. It is true that findings were waived, but this circumstance does not derogate from the potency of the judgment.

In *Crew* v. *Pratt,* 119 Cal. 149, [51 Pac. 38], the supreme court said: "It may be stated, as a general proposition, that a judgment is conclusive, not only as to the subject matter in controversy upon which it is based, but also in all other actions involving the same question, and upon all matters involved in the issues which might have been litigated and decided in the case; the presumption being that all such issues were really met and decided." (Citing Freeman on Judgments, sec. 253; *Parnell* v. *Hahn,* 61 Cal. 131, [33 Pac. 731]; *Lillis* v. *Emigrant etc. Co.,* 95 Cal. 553, [30 Pac. 1108]; *Woolverton* v. *Baker,* 98 Cal. 631, [33 Pac. 731]; *Howell* v. *Budd,* 91 Cal. 342, [27 Pac. 747]; *Burris* v. *Kennedy,* 108 Cal. 338, [41 Pac. 458]; *Estate of Hudson,* 63 Cal. 457.)

It is significant, also, that in the action to foreclose the mortgage there was no suggestion in the pleadings that the mortgagors were not the owners of the entire property, and it would seem under all the circumstances that appellant is estopped from denying that they were vested with a complete title, since he permitted them, without objection, to mortgage to him the entire interest. If the finding is not supported by the evidence it is difficult to conceive how the omission could be supplied. It is not a case of the repudiation of the burden and the appropriation of the benefit of a contract, as appellant suggests. The cases cited by him are not in point. There was no repudiation, but an affirmance of the contract as made by the parties. It was and is insisted that effect be given to the real agreement of the parties and the balance

due to appellant, if any, be correctly determined and settled. In the foreclosure proceedings it was ascertained and adjudged by the court that the defendants in that case had discharged their obligations to the plaintiff therein; that they owed him nothing; and it is too late for appellant to question that judgment now.

2. The contention is made also that support is lacking for the finding in reference to the deed from Joseph S. to Philip Simmons; that it was executed while Joseph was in debt to his partners in excess of his interest in the firm and that Philip, at the time, had knowledge of this fact, and that the deed was ineffective to convey any interest. The only argument in this behalf made by appellant is that "the evidence shows that the deed was taken by Philip Simmons in good faith, on account of what the firm owed him, as well as money owing him by Joseph S. Simmons individually. It is the contention that the deed is valid in the absence of an attack for fraud." This argument is based upon the assumption that Philip was a firm creditor. But adversely to this position the question was settled by said judgment in the foreclosure suit. The judgment was rendered October 19, 1881, while the deed under which appellant claims was executed November 21st of the same year.

Again, there was evidence before the court in the testimony of appellant from which the inference arises that the deed was taken by him on account of what "Joseph owed him generally." It is to be observed, also, that the deed itself purports to convey simply all the right, title and interest of Joseph Simmons individually in and to the particular piece of property, and it was so understood by appellant, as shown by his answer herein, as he claims only one-fourth of the property by virtue of said deed.

"It is well settled that a partner cannot transfer an individual interest in any specific article belonging to the firm. A transfer of the partner's interest, either by voluntary act or legal process, merely entitles the transferee to receive such partner's share of what may remain after a settlement of the partnership affairs and the payment of the partnership debts." (*Noonan* v. *Nunan*, 76 Cal. 47, [18 Pac. 98]; 22 Am. & Eng. Ency. of Law, 104.)

And finally, the decree in the action to settle and adjust the partnership interests adjudged that Joseph was not en-

titled to any interest in the real estate, and by said judgment the whole of said property was awarded to this plaintiff and the Rowe estate. Hence, at the time he executed said deed, Joseph Simmons had nothing to convey, and Philip, having notice of the pendency of that action, is bound by the judgment. (Code Civ. Proc., sec. 1908.) The case seems to have been fairly tried and justly determined, and there is no error apparent in the record.

The judgment and order denying the motion for a new trial are affirmed.

Hart, J., and Chipman, P. J., concurred.