[Civ. No. 3593.   First Appellate District, Division Two.—August 20, 1921.]

# RASMUS H. ALBERTSON, Appellant, v. M. MACFARLANE, Respondent.

[1] ELECTION OF REMEDIES — DEED AS MORTGAGE — SUBSEQUENT ATTEMPT TO TREAT AS TRUST DEED.—Where in an action to quiet title to certain real property the defendant elects to claim that the bargain and sale deed from himself to plaintiff, and under which the plaintiff claims title, was intended as a mortgage, in which action the plaintiff obtains judgment, said defendant is precluded from later attempting to treat that deed as a trust deed.

[2] JUDGMENTS — CHARACTER OF CONVEYANCE — RES JUDICATA. — The question whether or not such bargain and sale deed was intended as a mortgage having been expressly litigated in such former action and decided adversely to the contention of the defendant therein, that judgment constituted a bar to the consideration of the same question in a subsequent action between the same parties.

APPEAL from a judgment of the Superior Court of Alameda County. J. O. Moncur, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Sawyer & Sawyer for Appellant.

H. L. Breed for Respondent.

STURTEVANT, J.—On December 31, 1917, the plaintiff filed a complaint in the trial court, asking that the trial court adjudge him to be the owner of, and that the defendant was holding, a certain piece of property in Alameda County as trustee for the plaintiff. The defendant filed an answer in which he denied the allegations stated in the complaint, and as a second defense. he pleaded a certain judgment in bar, and he also filed an amendment to his answer in which he set forth the statute of limitations. A trial was had, in which all the issues so made by the pleadings were fully tried out. In other words, the judgment of the trial court did not turn solely on the statute of limitations, nor solely on the plea of a judgment

in bar, but rested on all of the issues. The judgment of the trial court was in favor of the defendant. The plaintiff has appealed, and has appeared in person during a part of the proceedings, and latterly Sawyer & Sawyer, attorneys at law, did, as a matter of charity, prepare and present to this court a brief on behalf of the appellant. The appellant's brief makes four separate points: (1) that appellant is the owner of the land; (2) that the deed to MacFarlane is a mortgage; (3) that it has never been foreclosed; and (4) that the prior judgment was made and entered against the appellant at a time when he was actually insane and actually an inmate of a state hospital and, therefore, is not a bar. The respondent, in reply, makes three separate points: (1) That all the material allegations in the complaint were tried out by the trial court, that the evidence perchance may be said to be conflicting, but that all of the allegations of plaintiff's complaint were found against the plaintiff, and that such findings are conclusive on this court; (2) that the question of title to the lands in dispute was tried out in a former action between the same parties, and that the judgment in the former case is a bar; and (3) that the plaintiff's cause of action, if any he has, is barred by the statute of limitations. Among other things, the court found that on, and long prior to, the sixth day of February, 1913, plaintiff was the owner in fee of the lands described in plaintiff's complaint; that on February 6, 1913, plaintiff sold said lands to the defendant, who has ever since been in possession thereof, claiming to own the same; that the deed of conveyance was absolute in form, and was not intended to be a mortgage, nor to be a conveyance in trust. That prior to the commencement of this action the plaintiff never demanded of defendant an accounting, nor did he ever tender to the defendant $1,240, together with interest thereon from the sixth day of February, 1913. That on the sixth day of February, 1913, and at the time of the trial, the property in dispute was of the value of $1,500, and no more. That subsequent to the execution of the deed dated February 6, 1913, the defendant gave to the plaintiff an option to purchase said property on or before the sixth day of April, 1913, and the plaintiff never exercised said option. That on May 27, 1913, plaintiff made a deed, absolute in form,

conveying said lands to John W. Striker, and thereafter John W. Striker made a quitclaim deed to this defendant. That plaintiff's action herein is barred by a certain judgment rendered on the seventeenth day of December, 1913, by the superior court of Alameda County, in an action therein pending wherein this defendant, M. MacFarlane, was the plaintiff, and this plaintiff, Albertson, was the defendant, wherein the title of this defendant, M. MacFarlane, was quieted, and this plaintiff, Albertson, and all persons claiming under him subsequent to the twenty-ninth day of August, 1913, were forever barred and enjoined from claiming any right, title, interest, or estate of, ·in, or to said real property, or any part thereof, or lien thereon, adverse to this defendant. That said judgment was duly given and made in the superior court of Alameda County, and was entered on the nineteenth day of December, 1913. That plaintiff's action herein is barred by the provisions of *subdivision 1 of section 337*, and the provisions of *subdivision 1 of section 339*, and by the provisions of *section 343* of the *Code of Civil Procedure* of the state of California.

The plaintiff's complaint hints at fraud. The hint is predicated upon what purports to be a secret oral agreement that the deed from the plaintiff to the defendant was intended to be a conveyance in trust. On conflicting evidence the court found against the plaintiff. The finding was in accordance with the great weight of the evidence. If any fraud was committed, the plaintiff was advised of the defendant's contentions as early as August 29, 1913, the date of the filing of the complaint in the first action. The claimed fraud was a matter which could have been, and should have been, litigated in that action. [1] True it is that in that case this plaintiff claimed that his deed to this defendant was intended as a mortgage. He was bound to elect which theory to advance. In making the election to proceed upon the mortgage theory he precluded himself from the right to claim thereafter that the deed was intended to be a trust deed. The two theories are inconsistent. The election in 1913 to treat the conveyance as a mortgage precluded this plaintiff from later attempting to treat a bargain and sale deed as a trust deed. (*Parke etc. Co.* v. *White River L. Co.*, 101 Cal. 37, 40, 41, [35 Pac. 442].)

[2] As we have stated above, in his brief, as distinguished from his pleadings, the plaintiff now claims that his deed to the defendant was intended as a mortgage and that the mortgage has never been foreclosed. But that theory was expressly advanced in the prior action and was expressly determined adversely to the contention of this plaintiff. As to this last contention the prior judgment has become a bar and the courts are not at liberty to again consider the question.

Something is said in the briefs regarding the fact that during a part of the time that the first action was pending this plaintiff was being confined pursuant to a judgment of lunacy. No claim is made that summons was not duly served. No facts are shown which indicate that the incarceration for insanity prevented a full presentation of the plaintiff's case in the first action; and, even though such facts existed, they would not be a proper subject for consideration under the pleadings in this case.

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 18, 1921, and the following opinion then rendered thereon:

THE COURT.—In denying the application for hearing in this court after decision by the district court of appeal of the first appellate district, division two, we wish to state that we are not prepared to approve what is said with relation to the matter of the alleged insanity of the plaintiff at the time the former action was instituted, pending, and decided. This matter, however, was material only on the issue of bar by former judgment. The finding on this issue is not essential to the judgment here in view of the findings on the other issues which sufficiently support the judgment in favor of defendant, regardless of the finding on the issue of former judgment.

The application for a hearing in this court is denied.

All the Justices concurred, except Shaw, J., who was absent.