[Civ. No. 8648.   First Appellate District, Division Two.—October 10, 1932.]

GENEVIEVE H. WHITE, Respondent, v. CHARLES LANTZ, as Administrator, etc., et al., Appellants.

Winslow P. Hyatt and H. P. Hibbard for Appellants.

Hugh A. McNary for Respondent.

GRAY, J., *pro tem.*—The complaint, which contains only the usual allegations, essential for that purpose, prays the

foreclosure of a mortgage, given on May 5, 1916, by decedent to respondent, during their marriage, as security for the payment weekly of specified sums, in full settlement of all her claims and demands against him and his estate. The answer, among other defenses, pleads as a bar to recovery a final decree granted on September 27, 1928, in a prior action between the same parties, adjudging that title in fee simple to the mortgaged premises was vested in decedent's heirs, subject to administration; that all claims of respondent therein were invalid, and that respondent be estopped from asserting any claim thereto. On this issue the trial court found "that that certain action No. 235,394 in the above entitled Superior Court, wherein Genevieve H. White was plaintiff and Charles Lantz as Administrator of the Estate of Walter I. Wilson, deceased, was defendant, (1) which said action was brought for the purpose of quieting title to the property described in plaintiff's mortgage, (2) is not a bar to plaintiff's action to foreclose her said mortgage, (3) that said mortgage was not mentioned in the pleadings, findings or judgment in the matter of said action No. 235,394, (4) nor was said mortgage an issue in said case, (5) nor were plaintiff's rights under said mortgage adjudicated and (6) that said action No. 235,394 involves a controversy entirely separate and apart from that in the case at bar." (Numerals inserted for subsequent reference.) If the evidence established this defense, the finding is erroneous and the decree of foreclosure must be reversed.

As the only evidence introduced upon this issue was the judgment-roll in the prior action, the sole question for determination is the legal effect of that decree upon respondent's interest as mortgagee. An examination of the judgment-roll shows that the pleadings, findings and judgment are each in the usual form, common to ordinary quiet title actions, and that, therefore, parts 1 and 3 of the finding, which state the purpose of the action and the absence of mention of the mortgage in either the pleadings, findings or judgment, are true. It is also true (part 4) that the mortgage was not expressly and specifically an issue, although the issues of ownership and adverse claims were broad enough to have permitted consideration of the mort-

gage. Likewise it is true (part 5) that respondent's rights under the mortgage were not expressly adjudicated, but whether they were included within the larger adjudication that she had no interest in the mortgaged property is a legal question to be hereafter considered. The sixth part of the findings to the effect that the quiet title action involved a controversy entirely separate and apart from that in the foreclosure suit is true in the sense that different causes of action were stated, but it is not true in the sense that the rights of the parties in the property were not involved in both actions. (See *Green* v. *Thornton*, 130 Cal. 482 [62 Pac. 750].) The second portion, finding that the decree quieting title was not a bar to the foreclosure of the mortgage, is really a deduction from the other facts, whose correctness will be determined by a consideration of the legal effect of such facts.

"In an action to quiet title, all matters affecting the title to the parties to the action may be litigated and determined, and the judgment therein is final and conclusive. A general finding of title in the plaintiff, and consequently of no title in the defendant, is a conclusive and binding decision against the defendant on the question of title, from whatever source it may be derived, and forever estops him from asserting a claim which existed at the time of the finding and judgment." (Black on Judgments, sec. 664; Freeman on Judgments, sec. 874.) "Action to Quiet Title —In this form of action all matters affecting the title of the parties to the action may be litigated and determined, and the judgment is final and conclusive, and cuts off all claims or defenses of the losing party going to show title in himself, and which existed at the time of suit, whether pleaded therein or not." (34 C. J. 959.) "Where the right, title or ownership of real property is directly put in issue, whether by the pleadings or the course of the litigation, and is tried and determined, the judgment is conclusive thereon in all further litigation between the same parties or their privies, whatever may have been the nature or purpose of the action in which the judgment was rendered or that in which the estoppel is set up." (*Rauer* v. *Rynd*, 27 Cal. App. 556 [150 Pac. 780, 782].) A judgment necessarily affirming the existence of any fact is conclusive

upon the parties whenever the existence of that fact is again in issue between them, not only when the subject matter is the same, but when the point comes incidentally in question in relation to a different matter in the same or any other court. (*Estate of Clark,* 190 Cal. 354 [212 Pac. 622].)

A decree quieting plaintiff's title against defendant's testator estops such defendant in a second quiet title action from asserting title adverse to plaintiff, anterior to the entry of the decree. (*Riverside Land etc. Co.* v. *Jensen,* 108 Cal. 146 [41 Pac. 40].) A plaintiff in an action to declare a deed a mortgage and to quiet title is estopped by a prior judgment in ejection in which title to the property was put in issue and adjudged to be in the defendant. (*Wehle* v. *Price,* 202 Cal. 394 [260 Pac. 878].) This case cites numerous authorities to the effect that an adjudication of title estops the loser from subsequently litigating a claim existing at the time of such adjudication but not actually litigated therein. In holding that a final judgment in partition, adjudging that plaintiffs had no lien on lands awarded to defendant, estopped them from asserting, in a subsequent action, a lien on such lands for defendant's share of the cost of redeeming the unpartitioned lands from the foreclosure of a joint mortgage, although such lien had not been litigated in the partition action, the court, in *Ivancovich* v. *Weilenman,* 144 Cal. 757 [78 Pac. 268, 269], said: "The rule is well settled that a judgment between the same parties is conclusive, not only as to the subject-matter in controversy in the action upon which it is based, but also in all cases involving the same question, and upon all matters involved in the issues which might have been litigated and decided in the case, the presumption being that all such issues were met and decided. (*Bingham* v. *Kearney,* 136 Cal. 177 [68 Pac. 597] ; *Quirk* v. *Rooney,* 130 Cal. 511 [62 Pac. 825].) " A decree quieting defendant's title in a former action in which plaintiff claimed his deed was a mortgage is *res judicata* in a second action in which plaintiff asserts such deed was a deed of trust. (*Albertson* v. *MacFarlane,* 54 Cal. App. 50 [201 Pac. 479].) A final judgment in partition is a conclusive determination upon all parties as to whatever title or claim to the land they had at the time of the rendition of the judgment and precludes

them from subsequently asserting any right or claim to the land which they acquired prior to the rendition of the judgment. (*Christy* v. *Spring Valley W. W.*, 97 Cal. 21 [31 Pac. 1110].) The validity of a lease which might have been but was not offered in support of a plea of right of possession in an action of ejectment is adjudged against the tenant by the landlord's recovery. (*Flynn* v. *Hite*, 107 Cal. 455 [40 Pac. 749].) A party cannot relitigate title to property involved in the former judgment, notwithstanding he failed to assert his claim properly or to present the proper evidence in the first action. (*Keller* v. *McGilliard*, 5 Cal. App. 395 [90 Pac. 483].)

Respondent's claim of ownership and denial of any interest in appellant, as alleged in her complaint to quiet title, is inconsistent with her present claimed interest as mortgagee. (*Simmons* v. *Rowe*, 4 Cal. App. 752 [89 Pac. 621]; 20 C. J. 12.) Appellant's allegation in his cross-complaint in the quiet title action that respondent claimed an adverse interest, without right, tendered an issue which respondent should have met by the assertion, in her answer, of her interest under the mortgage. Since it is not the policy of the law to permit the trial, by piecemeal, of claims to real property, respondent, by failing to avail herself of the offered opportunity to litigate the mortgage, cannot withdraw such mortgage from inclusion within the determination of the decree quieting title that she has no interest in the mortgaged property. It would appear from the above authorities that the legal effect of the decree quieting title was an adjudication that respondent had no interest as mortgagee and therefore the above finding that such decree is not a bar to the present action is erroneous.

Respondent, in addition to her argument as to the effect of the decree as *res judicata*, also argues (1) that, since only legal interests are involved in a quiet title action, she could not set up her mortgage, and (2) since equity will not quiet title even against an outlawed mortgage, the only way in which the mortgage could be discharged would be by voluntary release or payment. It may be conceded that respondent, as the owner of an equitable interest as mortgagee, could not maintain a quiet title action. But here appellant by his cross-complaint sued as legal owner

against the equitable claim of respondent as mortgagee. The legal owner of land may maintain an action to quiet title against a mortgage claimed to be invalid. (*Withers* v. *Jacks,* 79 Cal. 297 [12 Am. St. Rep. 143, 21 Pac. 824].) The cross-complaint having tendered the issue of title and all adverse claims thereto, the court was authorized to determine the same. (*Gunst* v. *Zimdars,* 89 Cal. App. 37 [264 Pac. 544].) It was respondent's duty to have pleaded the mortgage if she wished the court to have protected her rights. (*Lange* v. *Geiser,* 138 Cal. 682 [72 Pac. 343].) Of course, if the mortgage had been presented to the court, it could not have quieted title without protecting the lien of the mortgage. (*Chapman* v. *Hicks,* 41 Cal. App. 158 [182 Pac. 336].)

Since the judgment must be reversed because the decree quieting title was a bar to this foreclosure, it is unnecessary to consider other objections urged by appellant.

The judgment is reversed.

Spence, Acting P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 9, 1932, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 8, 1932.