GASKILL, Appellant, *v.* TRAINER, MOOR, et al., Respondents.

Where a lien attaches upon a leasehold interest, it so attaches, subject to all the conditions of the lease.

But if one of the conditions be forfeiture for non-payment of rent, the mere failure to pay the rent will not make a forfeiture; there must be a formal demand made on the day it becomes due, to effect this.

A waiver of the demand will never be implied, for the purpose of making a forfeiture; for from its very nature, a forfeiture cannot take place by consent, and is not favored by the rules of law.

The surrender of a leasehold estate operates a merger in the fee, but this cannot be suffered to defeat the right of a third party, whose rights intervened before the merger took effect.

The party holding a lien on a leasehold estate, has a right to enforce it, notwithstanding a subsequent failure of the lessee to pay rent, and a surrender of the lease to the lessor.

APPEAL from the Fourth Judicial District.

The complaint sets forth, that on the 21st May, 1852, the plaintiff, and defendant, Trainer, entered into a written agreement, whereby the plaintiff contracted to furnish materials, and to do the brickwork of a house, to be erected by defendant, on a lot, on the corner of Front Street, in San Francisco, of which said defendant was then lessee; the defendant, by the terms of the contract, agreed to pay the plaintiff, for the materials and work to be furnished and executed, $6600, as the work pro-

gressed, as set forth in the complaint ; and plaintiff alleges full performance on his part, and failure on the part of defendant.

Plaintiff further claims $215, for extra work and materials.

And further alleges, that on the 28th June, 1852, he filed notice of his intention to hold a lien upon the said building, for the amount due and to become due, in pursuance of the statute, and prays judgment for $5043, with interest on $1829, at the rate of 10 per cent. per annum, and on $3224, at the rate of 3 per cent. per month.

And asks that all the right, &c., that the defendant, Trainer, had in the said lot, at the time of the commencement of the said building, may be sold, and that out of the proceeds thereof, the sum of $3715 75, with interest, be paid to plaintiff, and the remainder be held by the court, subject to its future order ; and prays that Moor and others (naming them), be summoned to answer in this suit, if any interest they have therein.

On the 21st May, Trainer, defendant, answered and denied that he ever was owner of the said lot or building ; that he paid the plaintiff all moneys due on the contract, up to the 2d June, 1852, and that all materials furnished, work done, &c., since that date, were for defendant, Moor, the owner of the said building, of which defendant had notice, and well knew.   That the plaintiff was a sub-contractor of this defendant, who contracted with Moor, the owner of the lot, and denies the execution of the written agreement stated in the complaint; and each and every allegation of plaintiff's complaint.

On the 21st September, Moor answered, That defendant, Trainer, was not the owner of the lot, and says that plaintiff was sub-contracter, as stated by Trainer, with whom this defendant contracted, and denies all the allegations of the complaint.

The only witness called in the case was the defendant, Trainer, called by the plaintiff, who testified that on the 10th May, 1852, he leased the premises of defendant, Moor, by an indenture of lease (in evidence); that on the 21st May, he contracted with the plaintiff for the brickwork of a building, &c. (contract in evidence) ; that the plaintiff fully and faithfully complied with all his undertakings and agreements in said contract; and that there remained due thereon $1715, with interest at the rate of

10 per cent., from the 26th June, 1852, and $2600, with interest at the rate of 3 per cent. per month, from the same day.

The defendant, Moor, then offered to prove by the witness, that on the 3d June, 1852, when plaintiff had nearly completed his contract, the defendants, Moor and Trainer, had cancelled the lease from Moor to Trainer. Plaintiff objected; the court admitted the testimony, and defendant excepted. The witness then stated, that during the erection of the building, he found himself unable to fulfil his contract with the plaintiff, and offered to assign him his lease, which plaintiff declined, and insisted on the contract; and when the plaintiff was pressing him very hard for money, he saw Moor, and told him he could not fulfil his engagement with him; and thereupon " he and Moor signed their names under the words written across the face of the first page of the said lease (marked C.), and duly executed and delivered the same, and entered into the further contract (marked D.); this was on the 3d June, 1852. After this, witness remained in possession of the premises, for the purpose of completing the building for Moor, as contractor, and not as a tenant. He informed plaintiff of the arrangement made with Moor, stating that it would enable him to pay the plaintiff, in a few days, all that was due him, as well as the future payments, as they became due." The witness then stated some payments made by him, and other matters not material, and proceeded to say, That when the building was nearly completed, he, Trainer, surrendered the possession to Moor, who had been in possession ever since. That he had never paid Moor any rent.

The exhibits referred to do not accompany the record.

. The court, to whom the case was submitted without a jury, found the contract as laid in the complaint, and full performance on the part of the plaintiff; also, the filing of the mechanic's lien, and that defendant, Trainer, was indebted to the plaintiff, &c.

That at the time of the commencement of the work, and furnishing the materials, &c., Trainer was *seised* of an estate in the premises, under the lease from Moor, for the term of five years, paying the monthly rent therefor of $300, the first payment to be made on the 6th June, 1852. That in default of the pay-

ment of the rent for five days after it became due and payable, Moor had the right to enter upon and repossess the said premises, as of his own right. That as a further condition of said lease, the said Trainer, within two months from the said 10th of June, was to commence to erect a house (describing it) upon some part of the premises, and expend not less than $10,000.

That on the 3d of June, Trainer, unable to perform the covenants, applied to Moor to be discharged from the same, and that the said Trainer and Moor did, on that day, enter into an agreement, whereby the said Moor was to, and did, re-enter and repossess himself of the said premises, and discharged and released the said Trainer by verbal agreement, and by a writing not under seal, written across the face of said lease, from the performance of all the conditions therein contained. That such surrender on the part of Trainer, and re-entry by said Moor, were made in good faith, and without any intention to defraud the plaintiff. That the re-entry was made prior to the 6th June, when the first month's rent would have become due, and that on and after the 10th June, the said Moor was in possession under the above-mentioned agreement, and is now in possession, no part of the rent reserved having been paid. That the agreement to cancel, and the re-entry by Moor, were made with full knowledge of the plaintiff, who went on and furnished materials, and performed work, knowing that the building was to be completed by Trainer, and paid for by Moor, as stipulated in the mortgage.

The court found the conclusions of law as follows :—

That the plaintiff is entitled to recover of the defendant, Trainer, $5053, with interest on $1829, at the rate of 10 per cent. per annum, and on $3224, at 3 per cent. per month.

That the re-entry of Moor prior to the day the rent became due, under the said agreement, and his possession on the day the rent became due, and subsequent thereto, the rent not being paid nor tendered, was a termination of the tenancy of the said Trainer, under the said lease, and reinstated Moor in the estate, free from all incumbrances created or charged on the leasehold estate by Trainer ; and that the plaintiff has no lien on the said premises, for the materials found and labor performed, under his

22

agreement with Trainer; and ordered judgment for defendant, Moor, but without costs.   Plaintiff appealed.

There is no brief on file for appellant.

*Crocket* and *Baker*, for respondents.

Gaskill's lien attached only on Trainer's leasehold interest.

This leasehold was subject to two conditions, payment of rent monthly, in advance, and that the lessee should immediately proceed to expend $10,000 on the premises, in the erection of buildings.   Trainer could not comply, and delivered up the premises to Moor, who holds them, and his lease stipulates that he may do so.

It is contended for appellant, that writing the words, "cancelled and discharged," across the face of the lease, would not destroy its contents.   If so, the rights of the parties continue as if these words had never been written.   The lease provides that Moor may terminate the tenancy, if the rent is not paid.   He is in possession, and there is a failure to pay; he elected to terminate the lease, why may he not do so?   But it is said he did not enter on the *ground of forfeiture*.   He was in possession when the rent became due, and could not re-enter upon his own possession; his election to terminate the tenancy in this condition of things, was a right, and he exercised it.

But it is claimed for plaintiff that Moor had no right to re-enter, without a formal demand of rent, on the premises, on the day it became due.   But if this rule be in force here, the tenant may waive the demand, and Trainer did this, by confessing his inability to pay, and delivering possession to Moor.   But in this State no demand is necessary; by the statute of 1850, sect. 13, p. 150, holding over after the expiration of the lease, or contrary to the conditions or covenants of the lease, or after rent is due and payable, for three days after demand of the possession, the lessee can recover possession, by action for unlawful detainer. We therefore say, no demand at common law is necessary; it is sufficient if rent be due, and demand be made of the possession in writing; and we cite the statute to show that the common law is altered by it, and to show that without a clause in the lease, we had the right to re-enter for non-payment of rent, on demand

of possession as above. But the tenant has waived the necessity for the demand, by admitting his inability to pay, and surrendering the possession.

Such would be the case, if the words "cancelled and discharged," on the face, were a nullity, as is contended for. Are not these words as effective, as if the parties had written, "We hereby agree that this lease is cancelled, and we mutually discharge each other from the covenants thereof?" and this is what they necessarily import. The intention is clear, and this is what the law regards. Sugden on Vendors, 160 et seq. Any form of words will operate a surrender, which plainly indicates the intention of the parties.

But it is said Trainer had not the power to terminate his estate as against Gaskill, because his lien had attached in the mean time. The lease was at end between Trainer and Moor. Gaskill's lien was only upon Trainer's right to enjoy the property during the term, subject to its conditions imposed on Trainer by the lease, and that neither Trainer nor Gaskill complied with, or offered to comply with. If Gaskill claimed to be substituted to Trainer's rights, he would take them *cum onere,* and he would be bound to pay the rent and build the house ; but he did neither, nor offered to do either. He is estopped on the same principle that the owner of a lot, who tacitly permits it to be sold to an innocent purchaser, without giving notice of his claim, is estopped from asserting it.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

The first proposition of the respondent is correctly stated, that Gaskill's lien attached only on Trainer's leasehold interest, subject to all the conditions of the lease from Moor to Trainer.

From this it is attempted to be deduced, that as by the terms of the lease, it was to be forfeited upon non-payment of rent, the failure of the lessee to pay, destroyed the lien of the plaintiff.

This would be only true, if there had been a technical forfeiture. The failure to pay, cannot alone create one. There was an equal necessity that a formal demand for the rent should

have been made on the day it became due.   Nor for the purpose of forfeiture, will a waiver of the demand ever be implied, because a forfeiture, from its very nature, cannot take place by consent, and it is not favored by the rules of law.

Having declined to take the legal steps to produce the forfeiture, Moor, it is said, received the leasehold estate by surrender, and that consequently the right of all parties derived under the lease were determined with it.   Such a rule would be fraught with hardship and inconvenience, and has no legal sanction.   If he took by surrender, the estate must nevertheless be subject to the burdens with which it was invested at the time ; for although by the surrender, the leasehold estate is merged in the fee, yet this principle of merger which arose out of the fondness of the law for convenience and symmetry, was never designed to defeat the rights of a third party, which had intervened before the merger took effect.

It is unnecessary to decide whether the words, " cancelled and discharged," written across the lease, have the legal effect of creating a surrender or not, because in either event, from the views here taken, the right of the plaintiff to the enforcement of his lien is upheld.

Judgment reversed, and cause remanded.