[S. F. Nos. 6767, 6799. Department Two.—December 16, 1915.]

W. F. ERVING, Respondent and Appellant, v. JAS. H. GOODMAN & CO. BANK, Respondent, and NAPA VALLEY BREWING COMPANY, Respondent and Appellant.

LEASE—ASSIGNMENT OF RIGHT TO RENT—OPTION OF LESSEE TO PURCHASE FEE—KNOWLEDGE OF OPTION BY ASSIGNEE—MERGER OF ESTATES.—An assignee of a lessor of the right to collect and retain the rents stipulated in a contract of lease, who has knowledge at the time of his assignment of an outstanding option contained in the lease giving the lessee the right to purchase the leased property, is not entitled to collect the rents reserved from the lessee's assignee, after the latter has purchased the fee of the property in pursuance of the option.

ID.—TERMINATION OF OBLIGATION TO PAY RENT.—Under such circumstances, upon the purchase of the fee, the leasehold estate became merged therein, and the covenant to pay rent became of no effect.

ID.—MERGER OF LESSER ESTATE IN GREATER—RIGHT OF ASSIGNEE OF RENTS.—Where a greater estate and a lesser coincide and meet in the same person without an intermediate vested estate, the lesser is annihilated. The interest of the assignee of the right to the rents was not an intermediate vested estate, and his rights could neither limit nor enlarge the leasehold estate of the lessee. His interest, therefore, did not defeat the merger.

ID.—REPLEVIN BY LESSOR OF LEASED PERSONAL PROPERTY—JUDGMENT FOR POSSESSION AND DAMAGES FOR DETENTION.—An action in

replevin by a lessor of personal property against the lessee, to re-
cover its possession and damages for its detention, is a waiver
of any claim which might be asserted by reason of the lease; and
a judgment in favor of the plaintiff for the possession and dam-
ages for the detention is conclusive between the parties not only
upon the matters actually litigated but upon every ground of re-
covery.

APPEALS from a judgment of the Superior Court of Napa
County.   Henry C. Gesford, Judge.

The facts are stated in the opinion of the court.

F. E. Johnston, H. L. Johnston, and L. E. Johnston, for
Plaintiff and Appellant.

Nathan F. Coombs, and J. T. York, for Defendant and Ap-
pellant Napa Valley Brewing Co.

Frank L. Coombs, for Respondent  Jas. H. Goodman & Co.
Bank.

MELVIN, J.—Plaintiff sued to recover damages for a fail-
ure by the alleged assignee of a leasehold estate to pay rents
reserved in a certain lease.  Judgment was given against
plaintiff and in favor of Jas. H. Goodman & Co. Bank, but in
favor of plaintiff as against Napa Valley Brewing Company.
Two appeals were taken; one by plaintiff from that part of
the judgment which was in favor of the bank and the other
(based upon the judgment-roll alone) by the Napa Valley
Brewing Company from that part of the judgment which is
against it and in favor of plaintiff.

The findings of the court are in substance as follows:

On August 21, 1906, the Napa Manufacturing Company (a
corporation) owned and possessed the real and personal prop-
erty which is the subject of this litigation, and on that date
the said corporation leased said real and personal property to
one Block for the term of five years beginning September 15,
1906.   This indenture was duly recorded.

On November 30, 1906, the Napa Manufacturing Company
by a written instrument sold and transferred to one Carter all
of its right, title, and interest in and to the *personal* property
mentioned in the lease, subject to the provisions of the said
lease and the right to collect and retain the rents stipulated
in the lease.   This instrument was also recorded.

On November 30, 1906, Block, by a writing, transferred and assigned to the California Brewing Association (a corporation created under the laws of Washington) all of his interest in his contract of lease from the Napa Manufacturing Company. This assignment was also recorded.

Thereafter, on the said thirtieth day of November, 1906, the Napa Manufacturing Company executed its grant, bargain, and sale deed by which it sold all of the *real* property described in the lease to Block (except a portion thereof transferred on the same day to the Ambrosia Cream Company) to the said California Brewing Association of Washington. This deed was delivered in escrow to E. W. Churchill, to be by him delivered to the California Brewing Association upon certain conditions which were fulfilled; and on the 27th of March, 1908, the deed was delivered to the said corporation and was recorded three days later.

From November 30, 1906, to March 27, 1908, the California Brewing Company paid the rent to Carter or his assigns as provided in the lease and the assignment thereof.

On March 27, 1908, the California Brewing Association of Washington sold and transferred to a newly created Californian corporation of the same name all of its right, title, and interest in and to the *real and personal* property described in the lease from the Napa Manufacturing Company to Block (excepting the realty theretofore conveyed to the Ambrosia Cream Company), and the said Californian corporation took possession of and held said property and paid rent to said Carter or his assigns until March 30, 1908, on which date said corporation executed and delivered to Nathan F. Coombs and G. F. Roberts, as trustees, a trust deed to the realty (excepting the portions theretofore sold to the Ambrosia Cream Company). The trust deed was made and delivered for the purpose of securing the payment of a promissory note for forty-two thousand dollars, payable to the Jas. H. Goodman & Co. Bank.

On November 8, 1909, the real property was sold by the trustees to the said bank in execution of their power under the trust deed, their deed to the purchaser bearing date November 9, 1909.

On March 30, 1908, the California Brewing Association of California, as additional security for the debt evidenced by the note, assigned and set over to the bank all of the person-

alty located on the real property, being the same personal property described in the original lease to Block, as well as all stock on hand, "and thereby authorized said Jas. H. Goodman & Co. Bank to take possession of said personal property and use, operate and conduct the same, together with the business of manufacturing beer or other products, in its own name or otherwise, but with the reservation and provision that said California Brewing Association, of California, should be responsible and holden for all expenses incurred in conducting and operating said business, as aforesaid." Subsequent to the transfer of personal property last above mentioned, the California Brewing Association of California through Ames, its manager, conducted the brewing business until about August 15, 1909, and during that time the rents for the occupancy of the premises and use of the personalty were paid by checks drawn by said association. During this period no demands were made upon the banking corporation for rent. The bank never agreed to pay any rent for the use of any of the said property.

In July, 1909, Jas. H. Goodman & Co. Bank entered into negotiations with Newmann and Callahan which resulted in the incorporation of the Napa Valley Brewing Company, and this corporation under a written agreement entered into possession of and operated the brewing plant until June 29, 1911, when the realty was surrendered by said corporation to Jas. H. Goodman & Co. Bank and the personal property to the assignee of Carter. During all of this period the Napa Valley Brewing Company repudiated the Block lease and refused to pay rent to Carter or his assigns.

On September 15, 1910, Erving, the plaintiff, became entitled by assignment to all rents due or to become due to Carter under his contract.

The court found that on the day this action was commenced (that is, November 19, 1910), but at an earlier hour, the plaintiff commenced an action against the Napa Valley Brewing Company for possession of the personal property described in the lease to Block. In the complaint plaintiff alleged his right to the possession of said property and his previous demand for it. It was found that issue was joined in that action, that the Jas. H. Goodman & Co. Bank intervened, and that a trial was had resulting in a judgment in favor of Erving for pos-

session of the personal property and one dollar by way of damages for its retention.

The conclusions of law in the present case were that at no time was Jas. H. Goodman & Co. Bank responsible to plaintiff or to his predecessors for payment of any rentals mentioned in the lease from the Napa Manufacturing Company; that plaintiff should receive nothing from the defendant bank; but that he was entitled to judgment against the brewing corporation for $3,998.89.

When the Napa Manufacturing Company assigned to Carter the right to collect the rents to become due under the lease, he was given a right to purchase the realty on or before the expiration of the term of five years created by said lease, provided the California Brewing Company should waive or fail to exercise its option to purchase. Carter was therefore fully aware of the outstanding option to purchase, being charged with such knowledge not only by the provisions of the recorded contract of lease, but by the very terms of his own agreement with the Napa Manufacturing Company.

Respondent bank takes the position that when the fee vested in the bank's predecessor, the covenant to pay rent for the realty became of no effect. In other words, the lesser estate merged in the greater. This is the proper view of the law. Carter and his assignees are not helped by the fact that the covenant for the payment of rent runs with the land. (Civ. Code, sec. 1463.) An interest in the reversion is necessary to the relation of landlord and tenant. Carter's interest was subsequent to Block's, and obviously his right to collect the rent was dependent upon that of the Napa Manufacturing Company, which had vested in respondent. Where a greater estate and a lesser coincide and meet in the same person without an intermediate vested estate, the lesser is annihilated. (20 Am. & Eng. Ency. of Law, 588 et seq.) Carter's interest was not an intermediate vested estate. His rights could neither limit nor enlarge the leasehold estate in Block. Therefore, his interest did not defeat the merger. The assignment of a lease in order to hold respondent under the covenant to pay rent for real property must arise from privity of estate. (*Bonetti* v. *Treat,* 91 Cal. 223, 229, [14 L. R. A. 151, 27 Pac. 612]; *Salisbury* v. *Shirley,* 66 Cal. 223, 225, [5 Pac. 104]; *Baker* v. *J. Maier & Zobelein Brewery,* 140 Cal. 530, 534, [74 Pac. 22].) There was no privity of estate between the

bank and Carter. His right to collect rent could not be any greater than Block's would have been in case no assignment had been made to Carter (Civ. Code, sec. 821), and Block had parted with the fee under the purchase clause in the very lease from which Carter's claims must derive their vitality, if any they have. So far as the realty is concerned, therefore, plaintiffs could recover nothing from the bank nor from the Napa Valley Brewing Company, as both derived such title as was possessed by them after the purchase of the fee by the California Brewing Association and the sale of the property by the trustees.

Were the defendants, or was either of them, bound to pay Carter or his assignees for the use of the personal property? Both the bank and the brewing company call attention to the fact that Erving triumphed in another action, in which one of them was a defendant and the other an intervener asserting title to the personalty. That action was maintained within the period limited as the term of the original lease to Block. By the judgment therein the court awarded the personal property to plaintiff, in accordance with his complaint that possession thereof was *unlawfully* held from him and that he was *entitled to the possession* of the said personalty. There was a judgment also in damages—nominal in amount, it is true, but none the less in damages—for the unlawful retention of the property. It was also adjudged that the bank was not the owner of the personalty, and that it was not entitled to the possession thereof. Defendants in the case before us insist that the judgment in the replevin case was conclusive upon the question of title to the personalty, and also in the matter of damages for withholding it. It is the rule that where possession and damages are both sought in an action in replevin, such a suit will be regarded as a waiver of any claim which might be asserted by reason of a lease. (*Coburn* v. *Goodall,* 72 Cal. 498, 506, [1 Am. St. Rep. 75, 14 Pac. 190].) Such an action is incompatible with any claim of right under a lease, because the damages include the detriment caused by the detention of the property from its owner. The action was between the same litigants, and the subject matter was the same property and the amount due for its detention. Such a judgment is conclusive between the parties not only upon the matters actually litigated but upon every ground of recovery. (24 Am. & Eng. Ency. of Law, 2d ed., 781; *Sullivan* v. *Triunfo*

*Min. Co.,* 39 Cal. 459; *Bingham* v. *Kearney,* 136 Cal. 175, 177, [68 Pac. 597]; *Flynn* v. *Hite,* 107 Cal. 460, [40 Pac. 749].)

When plaintiff brought the replevin suit he repudiated the contract of lease. His course was an election of remedies, that is, he chose to assert one of two inconsistent remedial rights, and is bound by such choice.   (15 Cyc. 253; *Holt Mfg. Co.* v. *Ewing,* 109 Cal. 353, 357, [42 Pac. 435]; *Parke & Lacy Co.* v. *White River Lumber Co.,* 101 Cal. 37, 41, [35 Pac. 442]; *Hines* v. *Ward,* 121 Cal. 115, 120, [53 Pac. 427]; *Elsom* v. *Moore,* 11 Cal. App. 377, 379, [105 Pac. 271].)

From the foregoing discussion it follows that (1) the judgment in favor of Jas. H. Goodman & Co. Bank is affirmed and (2) the judgment in favor of plaintiff and against the Napa Valley Brewing Company is reversed.

Henshaw, J., and Lorigan, J., concurred.