570 P.2d 593

**TRUSTEES OF the CONQUISTADOR COUNCIL BOY SCOUTS TRUST FUND, Plaintiff-Appellant,**

v.

**INTERNATIONAL MINERALS & CHEMICAL CORPORATION, Defendant-Appellee.**

**No. 11479.**

Supreme Court of New Mexico.

Oct. 25, 1977.

Jennings, Christy & Copple, S. B. Christy, IV, Roswell, for appellant.

Matkins & Martin, Jerome D. Matkins, Carlsbad, for appellee.

## OPINION

FEDERICI, Justice.

This suit was brought in the District Court of Eddy County by the trustees of the Conquistador Council Boy Scouts Trust Fund (appellant) against International Minerals & Chemical Corporation (appellee) for the sum of $4,000, representing alleged rental payment due under the terms of a lease covering lands in Eddy County. Appellant is the assignee of the rentals due under the lease.

Appellee leased land from the owner for a stipulated rental. During the original term of the lease, the lessor assigned the rent due to appellant as part of the settlement of a pending lawsuit between the lessor and appellant. Appellee paid those rental payments to appellant for the years 1972 through 1975. In December of 1975,

appellee acquired a fee simple title in the property in question. Appellee refused to pay rent for the year 1976, notwithstanding that the assignment was still in effect, and it is this rent which appellant seeks to recover in this action.

Based upon the pleadings and stipulation of facts, the trial court entered judgment for the appellee, denying the appellant's claim for rent, holding that the assignment of rentals in favor of appellant ceased by virtue of the merger of the smaller estate (leasehold) into the larger estate (fee simple) when the property in question was purchased by appellee. We reverse the trial court.

The issue involved is whether the assignment of rental to appellant became extinct when the land was conveyed by the previous owner to the original lessee, the appellee, without the knowledge, consent or release by appellant, a third party assignee of the rental income assignment.

The common law doctrine of merger of estates is recognized in New Mexico case law. *Padilla v. Sais,* 76 N.M. 247, 414 P.2d 223 (1966); *Tri-Bullion Corp. v. American Smelting & Refining Co.,* 58 N.M. 787, 277 P.2d 293 (1954). In *Tri-Bullion,* at 58 N.M. 792, 277 P.2d at 296, the Supreme Court said that "as a general rule when the same party becomes the owner of both a large and small estate in the same property, they merge and the smaller estate becomes extinct." In that same case, however, at 58 N.M. 794, 277 P.2d 293, this Court plainly stated that mergers are not favored in law or equity, citing *Mobley v. Harkins,* 14 Wash.2d 276, 128 P.2d 289 (1942), Annot., 143 A.L.R. 93 (1943), and thus indicating that the doctrine of merger of estates is not to be applied rigidly and mechanically, as it was at common law.

In *Mobley v. Harkins, supra,* the more recent history of the doctrine of merger of estates is briefly and succinctly stated:

It was an inflexible rule at common law that a merger always took place

when a greater and a lesser estate met in the ownership of the same person without any intermediate estate, but modernly the doctrine of merger is not favored either at law or in equity. Consequently, the courts will not compel a merger of estates where the party in whom the two interests are vested does not intend such a merger to take place, or where it would be inimical to the interest of the party in whom the several estates have united . . . . , *nor will they recognize a claim of merger where to do so would prejudice the rights of innocent third persons.* (Citations omitted, emphasis added.)

128 P.2d at 291.

■ The doctrine of merger of estates should be applied in a manner calculated to prevent injustice, injury and prejudice to the rights of innocent third persons.

■ The injury to the rights of appellant which results from a rigid application of the common law doctrine is clear. Appellant here took an assignment of rental incomes as part of a stipulated settlement of litigation. As assignee, appellant had a legally enforceable right to collect the rents accruing and to institute all proper proceedings for enforcing payment of them. 52 C.J.S. Landlord and Tenant § 518 (1968). We hold that the doctrine of merger does not apply to extinguish the lesser (leasehold) estate when the lessee acquires the greater estate (fee), when to so apply the doctrine would prejudice the rights of an innocent third party, such as appellant. To hold otherwise would result in rendering extinct and worthless many assignments and pledges of rentals made to third persons in a wide variety of business and financial transactions.

The cause is remanded to the district court with directions to enter judgment for the appellant.

IT IS SO ORDERED.

McMANUS, C. J., and PAYNE, J., concur.