[No. B009938. Second Dist., Div. Two. Sept. 9, 1985.]

6424 CORPORATION, Plaintiff and Appellant, v.
COMMERCIAL EXCHANGE PROPERTY, LTD., et al., Defendants and
Respondents.

1222

[redacted]

COUNSEL

David A. Luna and Kenyon F. Dobberteen for Plaintiff and Appellant.

Saltzburg, Ray & Bergman, Jonathan A. Tillman, J. Robert Arkush and Michael D. Markovitch for Defendants and Respondents.

OPINION

**ROTH, P. J.**—The real property involved herein was subject to a ground lease having a 99-year term which began in 1912. Holland Park Investors, Ltd. (Holland) became the owner of the lessee interest on December 17,

1980. The leasehold was at that time subject to purchase money encumbrances consisting of a $400,000 first trust deed in favor of respondent Commercial Exchange, Ltd. (CEL), an $840,000 all-inclusive[1] second trust deed in favor of respondent La Mesa Enterprises (La Mesa) and a $2.2 million all-inclusive third trust deed in favor of respondent Commercial Exchange Property, Ltd. (CEP).

Holland immediately sold its interest in the lease to Stan K. Kure and Jaqueline L. Kure (the Kures). Two days later, i.e., on December 19, 1980, the Kures purchased the fee interest in the property, thereby becoming the concurrent owners of the fee and the leasehold.[2]

On October 14, 1982, the Kures conveyed their interests in the property by grant deed to IFR Realty, Inc. (IFR), which the next day conveyed the same to Richard E. Wendt (Wendt). In that transaction, Wendt executed and delivered a trust deed in favor of IFR which encumbers the fee. On October 3, 1983, IFR assigned Wendt's trust deed to appellant 6424 Corporation.

Thereafter appellant brought its complaint for declaratory relief and for cancellation of instruments, wherein it asserted that the leasehold was merged with the fee when the Kures acquired concurrent ownership of both estates, with the result the liens associated with the trust deeds of respondents CEL, La Mesa and CEP were extinguished.

Respondents' motion for summary judgment declaring that the leasehold and fee did not merge so as to render their trust deeds invalid was granted by the trial court. This appeal followed. We affirm.

■ While various arguments for reversal and in support of the trial court's determination are proferred by the parties, we are of the view the matter is disposed of by a principle sufficiently fundamental as to require little discussion, namely that: "The doctrine of merger is to be applied in a

---

[1] "The real estate industry has resurrected the security device once popular in the 1930's referred to as the 'all-inclusive,' 'wrap-around,' 'overlapping' or 'hold harmless' deed of trust. Each of these terms describes the same type of security device. They refer to an instrument which purports to secure an indebtedness owed by the trustor to the beneficiary, but the amount of the indebtedness includes a debt owed by the beneficiary to the beneficiary of another deed of trust secured by the same property which is senior in priority. . . ." (1 Miller and Starr, Calif. Real Estate (Rev.) part 1, § 3:19.)

[2] After buying the fee, the Kures entered into an agreement with CEP on January 30, 1981, to modify the terms of payment under the promissory note secured by CEP's all-inclusive third trust deed. Under this agreement which expressly acknowledged the existence of the lease, the Kures assumed the obligation to pay the indebtedness to CEP.

manner calculated to prevent injustice, injury and prejudice to the rights of innocent third persons [such that] it has been held that the doctrine [will] not be applied to extinguish a leasehold estate when the lessee acquire[s] the fee, when the application of the doctrine would [prejudice] the rights of an innocent third party." (1 Tiffany on Real Property (3d ed. 1939, 1985 supp.) § 151. See also *Trustees, etc.* v. *Intern. Min. & Chem. Corp.* (1977) 91 N.M. 55 [570 P.2d 593].)

■ In contravention of this well-founded and manifestly equitable proposition, what is sought to be established by appellant is no more nor less than that, based solely upon the circumstance of the fee and leasehold estates having been placed in the ownership of the Kures, the otherwise legitimate interests of respondents, acknowledged and accepted as valid by the Kures (see fn. 2), should be found to have disappeared, through application of a rule which in all events "arose out of the fondness of the law for convenience and symmetry, [but which] was never designed to defeat the rights of a third party, which had intervened before the merger took effect." (*Gaskill* v. *Trainer* (1853) 3 Cal. 334 at p. 340. Cf. *Erving* v. *Jas. H. Goodman & Co. Bank* (1915) 171 Cal. 559 [153 P. 945].)

The trial court correctly ruled that on the facts described such was not the case.

The judgment appealed from is affirmed.

Beach, J., concurred.

**GATES, J.**—I fully concur in the result reached by my colleagues. I write here only to stress that since our appellant never has acquired legal title to the subject leasehold estate, the factual prerequisites to even a consideration of the doctrine of merger have yet to occur.